UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| NICHOLETTE ICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:15-cv-00115-RLY-MPB |
| | ) | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY and OLD NATIONAL BANCORP, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS and
MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

Plaintiff, Nicholette Ice, filed this action to recover long term disability benefits allegedly owed to her pursuant to an employee welfare benefit plan that is sponsored by her former employer, Old National Bancorp, and funded by Reliance Standard Life Insurance Company.  Plaintiff's Complaint sets forth three counts: (1) a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*; (2) breach of contract; and (3) bad faith under Indiana law.  Reliance now moves to dismiss Count III and strike Plaintiff's jury demand.  Reliance argues that Plaintiff's state law bad faith claim must be dismissed because it is pre-empted by ERISA.  ERISA expressly provides, "[T]he provisions of this title . . . shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." ERISA § 514(a); 29 U.S.C. § 1144(a).  *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("[A]ny state-law cause of action that duplicates, supplements, or supplants

1

the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). Reliance further contends that Plaintiff has no right to a jury trial in cases subject to ERISA. *See McDougall v. Pioneer Ranch L.P.*, 494 F.3d 571, 576 (7th Cir. 2007) ("The general rule in ERISA cases is that there is no right to a jury trial because 'ERISA's antecedents are equitable,' not legal." (quoting *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998))).

Plaintiff did not substantively oppose Reliance's motion. Rather, Plaintiff attacked the motion on procedural grounds by filing a motion to strike, asserting that the motion was untimely. Plaintiff has since withdrawn that motion, and she did not subsequently seek leave to file a belated response to the motion to dismiss. Accordingly, Reliance's motion is effectively unopposed. As the Seventh Circuit has made clear, "[W]hen presented with a motion to dismiss, the nonmoving party must proffer some legal basis to support h[er] cause of action. The federal courts will not invent legal arguments for litigants." *Stransky v. Cummins Engine Co.*, 51 F.3d 1329, 1335 (7th Cir. 1995) (citation omitted). Put another way, "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) (*quoted in G&S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012)).

Here, the court has plausible reasons to dismiss Plaintiff's bad faith claim and strike her jury demand. Therefore, Reliance's Motion to Dismiss and to Strike Plaintiff's

Jury Demand (Filing No. 7) is **GRANTED**.  Count III of Plaintiff's Complaint is **DISMISSED** pursuant to Rule 12(b)(6) and her jury demand is **STRICKEN** pursuant to Rule 39(a)(2).

**SO ORDERED** this 26th day of April 2016.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.